# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **TINA M. CULBERTSON,** ) | |
| ) | |
| Plaintiff, ) | Case No. 2:04CV00025 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **JO ANNE B. BARNHART,** ) | By: James P. Jones |
| **COMMISSIONER OF** ) | Chief United States District Judge |
| **SOCIAL SECURITY,** ) | |
| ) | |
| Defendant. ) | |

In this social security case, I affirm the final decision of the Commissioner.

## I. Background.

Tina M. Culbertson filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") denying the plaintiff's claims for a period of disability and disability insurance benefits ("DIB") under title II of the Social Security Act, 42 U.S.C.A. §§ 401-433 (West 2003 & Supp. 2004) ("Act"). Jurisdiction of this court exists pursuant to 42 U.S.C.A. § 405(g).

My review is limited to a determination as to whether there is substantial evidence to support the Commissioner's final decision. If substantial evidence exists, this court's "inquiry must terminate," and the final decision of the Commissioner

must be affirmed. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence has been defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence, but may be somewhat less than a preponderance." *Id.*

When conducting this review, I do not reweigh conflicting evidence, make credibility determinations, or substitute my judgment for that of the Commissioner. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). It is the duty of the ALJ, not the courts, to make findings of fact and to resolve conflicts in the evidence. *See id.* Accordingly, "[t]he issue before [me], therefore, is not whether [Culbertson] is disabled, but whether the ALJ's finding that [she] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

Culbertson applied for benefits on April 1, 2002, alleging disability since April 20, 2001, and received a hearing before an administrative law judge ("ALJ") on May 22, 2003. By decision dated June 24, 2003, the ALJ found that the plaintiff was not disabled within the meaning of the Act. The Social Security Administration's Appeals Council denied review, and the ALJ's opinion constitutes the final decision of the Commissioner.

The parties have briefed the issues, and the case is ripe for decision.

## II. Facts.

Culbertson is now forty-two years old. (R. at 42.) She completed the tenth grade and last worked as a cashier. (*Id*.) She has also worked as a sandwich maker and a truck unloader. (*Id*.) Culbertson claims disability due to headaches, left arm numbness, nerves, and depression. (*Id*.)

The record includes medical evidence from R. Scott Macdonald, M.D.; Thomas E. Roatsey, D.O.; Sharon J. Hughson, Ph.D.; James E. Grau, Jr., O.D.; Gail J. Grau, O.D.; Johnston Memorial Hospital; Russell County Medical Center; and Cumberland Mountain Community Services. The record also includes a Physical Residual Functional Capacity ("PRFC") assessment and a Psychiatric Review Technique ("PRT") form from Julle Jennings, Ph.D., and testimony from medical consultant Theron Blickenstaff, M.D.

Based upon the evidence, the ALJ determined that the plaintiff is unable to return to her past relevant work. However, she has the residual functional capacity ("RFC") to perform light work "not requiring climbing, balancing, or exposure to hazardous machinery; and work not inconsistent with poor (seriously limited) ability to deal with work stresses or demonstrate reliability." (R. at 48.) Based upon the testimony of a vocational expert ("VE"), the ALJ found that there existed a

- 3 -

significant number of jobs in the national economy which the plaintiff could perform. (*Id.*)

## *III. Analysis.*

Culbertson asserts that the ALJ's opinion is not supported by substantial evidence. Specifically, she argues that the ALJ erred by failing to find her impairments more limiting, and failing to give the proper weight to her treating physicians' opinions. In addition, Culbertson argues that the Appeals Council erred when it denied her request for review. For the following reasons, I disagree.

### *A.*

The ALJ determined that some of Culbertson's impairments, including her chronic headaches, pain disorder, and mental impairments, are severe. (R. at 43, 46.) Culbertson now argues that the ALJ should have found those impairments to be more limiting.

First, Culbertson argues that her chronic headaches are more limiting than the ALJ found. However, the objective evidence does not support this argument. For instance, Dr. Macdonald, a neurologist, extensively tested Culbertson by a magnetic resonance imaging ("MRI") and a variety of other test for any neurological problems, but he found no remarkable abnormalities. (R. at 43.) The only evidence of an

- 4 -

impairment was Culbertson's subjective complaints that she has daily headaches that vary in intensity, but sometimes cause her to pass out. (*Id*.) Although her complaints are contrary to the objective medical findings, the ALJ gave Culbertson the "benefit of the doubt," and restricted her RFC to accommodate chronic headaches. (R. at 46.) As stated previously, I do not make credibility determinations or substitute my judgment for that of the Commissioner. *See Hays*, 907 F.2d at 1453. Therefore, I reject Culbertson's argument that the ALJ should have found her chronic headaches and dizziness more disabling, and find the Commissioner's determination to be supported by substantial evidence.

Next, Culbertson argues that the ALJ should have found her pain disorder to be more limiting. The VE testified that if Culbertson missed more than one day of work per month, there would be no jobs available in the national economy. (R. at 355.) Culbertson argues that due to her pain disorder she in fact would miss more than one day a month, and applying the VE's testimony, this would result in there being no jobs that the plaintiff could perform.

Culbertson's contention that she would miss more than one day per month of work is not supported by the medical evidence. No physician ever opined that Culbertson would miss more than one day a month. For instance, Dr. Hughson noted that Culbertson "would be poor at demonstrating reliability because of her pain." (R.

at 276.) A rating of "poor" indicates an "ability to function in this area [that] is seriously limited but not precluded." (R. at 277.) The "poor" rating does not indicate a specific number of days that the plaintiff would be likely to miss. Likewise, the objective medical evidence does not support Culbertson's claim that she would miss work to this extent because of her pain. For instance, Culbertson does not take significant amounts of pain medication,[1] and engages in activities that likely would not be possible if she suffered from severe pain.[2] I reject Culbertson's argument that the ALJ should have found her pain more disabling, and find that the ALJ's decision is supported by substantial evidence.

Last, Culbertson argues that her mental impairments are more limiting than the ALJ determined. The ALJ decreased Culbertson's RFC to accommodate her poor ability to deal with work stresses because of her mental impairments. (R. at 48.) The ALJ's decision is supported by evaluations from a variety of physicians, and by the claimant's own testimony as to her daily activities. In particular, the ALJ considered that Culbertson received only occasional mental health treatment, and demonstrates

---

[1] According to the record, Ibuprofen is the only pain medication Culbertson has been prescribed. (R. at 44.)

[2] Culbertson described her activities as including visiting with people, reading, listening to the radio, watching television, doing housework, and serving on the board of directors for the Fire and Rescue Department. (R. at 46, 346.)

a fair ability to make work-related adjustments. (R. at 46.) Therefore, I reject Culbertson's arguments that the ALJ should have found her mental impairments more disabling, and find that the ALJ's decision is supported by substantial evidence.

*B.*

Culbertson next argues that the ALJ erred by failing to give the proper weight to the opinions of her treating physicians Dr. Roatsey and Dr. Leblang. The ALJ must consider objective medical facts and the opinions and diagnoses of both treating and examining doctors, which constitute a major part of the proof in disability cases. *See McLain v. Schweiker*, 715 F.2d 866, 869 (4th Cir. 1983). The ALJ must generally give more weight to the opinion of a treating physician because that physician is often most able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2) (2004). However, "circuit precedent does not require that a treating physician's testimony 'be given controlling weight.'" *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996) (quoting *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992)). In fact, "if a physician's opinion is not supported by the clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Id*.

First, Culbertson argues that the ALJ improperly weighed Dr. Roatsey's opinion. The ALJ determined that Dr. Roatsey's findings are "not supported by

Case 2:04-cv-00025-JPJ-PMS   Document 17   Filed 06/28/05   Page 7 of 10   Pageid#: 78

clinical findings or diagnostic testing and . . . [are] inconsistent with the overall evidence of the record." (R. at 45.) Dr. Roatsey opined that Culbertson cannot return to work, and recommended that she file for disability due to chronic headaches, facial pain, and weakness. (*Id*.) This opinion was contrary to the remainder of the evidence. For instance, Dr. Macdonald found no specific neurological abnormality that would prevent Culbertson from undergoing full activities. (R. at 46.) In fact, he encouraged her to resume her normal activities. (R. at 193.) In addition, Dr. Blickenstaff, a medical expert, testified at the hearing that Culbertson's symptoms are consistent with post-concussion syndrome, which normally "clear[s] up after several months." (R. at 43.) For these reasons, the ALJ's decision not to afford Dr. Roatsey's opinion controlling weight is supported by substantial evidence.

Next, the claimant argues that the ALJ improperly weighed Dr. Leblang's opinion. The ALJ specifically explained two reasons why he decided not to give significant weight to Dr. Leblang's opinion. First, Culbertson had not received treatment from Dr. Leblang for approximately a year and a half; therefore, his opinion does not give "a detailed, longitudinal picture" of the claimant's alleged disability. (R. at 45.) Second, Dr. Leblang admits he had limited information on which to base his assessment and made most of his findings based on the claimant's description of

her condition. (*Id.*) For these reasons, the ALJ's decision not to afford Dr. Leblang's opinion controlling weight is supported by substantial evidence.

## C.

Finally, Culbertson argues that the Appeals Council erred when it denied her request for review. Specifically, she argues that if the ALJ had reviewed the additional information, records from Russell County Medical Center and Dr. Roatsey, then he would have made a different decision. (Pl.'s Br. at 14.) Contrary to the plaintiff's argument, the Appeals Counsel did consider the additional evidence, and determined that it did not provide a basis for changing the ALJ's decision. (R. at 5.)

Under Fourth Circuit precedent, I do not review the Appeals Council's decision to grant or deny review. *Wilkins v. Sec'y of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991) (explaining that when the Appeals Council denies review, the decision of the ALJ becomes the final decision reviewable by this court); *accord Eads v. Sec'y of Health & Human Servs.*, 983 F.2d 815, 816-17 (7th Cir. 1993) (describing the rationale behind the rule that the district court does not review the Appeals Council's decision). Therefore, I only determine whether, viewing the evidence in the record as a whole, including that evidence presented to the Appeals Council, the ALJ's decision is supported by substantial evidence. *Wilkins*, 953 F.2d at 96.

The new records contain little objective evidence, and mainly consists of the plaintiff's subjective complaints. This is consistent with the record as a whole, and therefore supports the ALJ's decision.

*IV. Conclusion.*

For the foregoing reasons, the Commissioner's motion for summary judgment will be granted.

An appropriate final judgment will be entered.

DATED: June 28, 2005

 /s/ JAMES P. JONES
Chief United States District Judge